# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-60039-001 |
| VS. | JUDGE MELANÇON |
| DANIELLE RENNE SMITH | MAGISTRATE JUDGE METHVIN |

## ORDER OF DETENTION PENDING TRIAL

Danielle Renne Smith is charged in a two-count indictment with possession with intent to distribute (1) over five grams of cocaine base, and (2) MDMA (Ecstasy), in violation of 21 U.S.C. §841(a)(1).

At Smith's initial appearance on August 9, 2005, the government moved for an order of detention pending trial. A detention hearing was held on the same date, at which proffers were made and testimony was received. The Pretrial Services Office provided a report recommending release on conditions. The court requested that the government submit documentary evidence supporting the proffers and testimony it introduced, no later than noon on August 10, 2005.

Considering the evidence presented and the arguments of counsel, the undersigned concludes that, while defendant is not a risk of flight, clear and convincing evidence shows that there are no conditions of release which would reasonably assure the safety of the community.

## The Bail Reform Act

The Bail Reform Act of 1984, 18 U.S.C. §3141 *et seq.* governs release or detention pending federal criminal proceedings. For defendants awaiting trial, release or detention depends upon two key determinations: (1) whether the defendant will appear at future proceedings; and (2) whether the defendant's release will endanger any other person or the community.

Under 18 U.S.C. §3142(e), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*) . . ." Smith is charged in two counts, each of which carries a maximum sentence of more than ten years. The grand jury's indictment provides the probable cause that Smith in fact committed the violation. United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985). Thus, 18 U.S.C. §3142(e) raises the rebuttable presumption that Smith poses a risk of flight and a danger to the community. United States v. Barker, 876 F.2d 475, 476 (5th Cir.1989).

Once the presumption against release is raised, the defendant bears the burden of production to come forward with evidence to rebut the presumption. Id., 876 F.2d at 477. The government retains the ultimate burden of persuasion by clear and convincing evidence as to danger to the community, and by a preponderance of the evidence as to risk of flight. 18 U.S.C. §3142(f). U.S States v. Fortna, 769 F.2d 243, 249-250 (5th Cir.1985).

Even if the defendant offers evidence in rebuttal, the presumption is not "a mere bursting bubble that totally disappears from the judge's consideration after the defendant comes forward with evidence." United States v. Hare, 873 F.2d 796, 798 (5th Cir.1989). Congress intended that the presumption remain in the case as a factor to be considered by the court. "[I]n making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." Id. at 798-799.

The presumption contained in 18 U.S.C. §3142(e) is evidence to be considered along with other factors set forth in 18 U.S.C. §3142(g). United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir.1990); United States v. Cook, 880 F.2d 1158, 1162 (10th Cir.1989). The other factors are: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. §3142(g).

Finally, with respect to defendants charged with serious drug offenses, the court should consider the likelihood that the defendant will re-engage in drug trafficking while on release, or turn over her connections to another party. U. S. v. Boado, 835 F.Supp. 920, 922 (E.D.Tex.1993). Although a defendant may not pose an unreasonable risk of harm to any particular individual in the community, a non-physical danger as well as a physical danger can constitute a danger to the community justifying pretrial detention. Fortna, *supra*. "The very nature of drug offenses constitutes a danger to the community which may justify pretrial detenion." Id., *citing* U. S. v. Royal, 759 F.Supp. 1238 (E.D.Tex. 1990) and U. S. V. Ibarra, 770 F.Supp. 337 (S.D.Tex.1991).

**Risk of Flight**

The Pretrial Services Office (PSO) reported that Smith has no history of failure to appear for court, and that she has an extensive residential history in this district. The government presented no evidence indicating Smith is a flight risk. Based upon these facts, the undersigned concludes that Smith has rebutted the presumption that she is a risk of flight, and that there are conditions of release which would assure Smith's appearance in connection with the indictment.

**<u>Danger to the Community</u>**

As noted above, Congress has concluded that serious drug offenders such as Smith pose a special risk of dangerousness to the society. In addition to the presumption against release, the court must consider (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. §3142(g).

The government proffered testimony of ATF Agent Lance LeBlanc regarding two incidents in which handguns were found on June 10 and July 2, 2004, at defendant's residence which she shared with her husband, Troy Smith, a convicted felon. On June 10, 2004, Detective Kevin Stelly of the Lafayette Parish Sheriff's Department investigated an incident in which defendant allegedly fired a Glock 45 semi-automatic pistol at a subject attempting to burglarize the home. After several interviews with both defendant and her husband, Troy Smith eventually confessed that he had been the one to discharge the pistol, not defendant as she had claimed. The Glock 45 was seized since Troy Smith was a convicted felon on probation, and he was not permitted to possess or use a firearm. Later, on July 2, 2004, defendant made two 911 calls to report domestic disturbances at her home. The first time, defendant told deputies that nothing had happened and everything was fine, because her husband had already left the scene. After the deputies left, the husband returned, another argument resumed, and defendant made the second 911 call. Lafayette Parish Sheriff's Deputies Shannon Manning and Byron Melançon responded to the call. Deputy Melançon asked defendant, privately, if there were any firearms in the residence, and she said there were none. Defendant also denied any physical altercation had

occurred. Later, Detective Stelly arrived, and defendant admitted to him that there was a firearm in the residence, and she showed officers a Glock .40 caliber handgun loaded with nine rounds of ammunition. Further investigation showed that the handgun, and a second Glock handgun, had been purchased by defendant on June 10, 2004, the same day that police had seized the first Glock handgun.

As noted above, the factors to be considered in addition to the presumption against release are: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. §3142(g). The grand jury found probable cause to believe that defendant possessed with intent to distribute over five grams of crack cocaine on February 5, 2005, and on the same day, she possessed with intent to distribute MDMA, or Ecstasy. No additional evidence was introduced regarding the weight of the evidence against the defendant. The defendant's history and characteristics show that she has twice lied to law enforcement agents regarding firearms at her residence, and that on the same day that officers seized an illegal gun from her residence, she replaced it with two illegal guns. While defendant made it clear at the hearing that her husband is now incarcerated and she would no longer need to lie to protect him, nor otherwise do his bidding, this mitigating factor is not dispositive. No evidence was presented to indicate that defendant's actions were solely the result of coercion by her husband, nor was any evidence introduced which would mitigate the nature of the drug charges she is facing.

Considering the foregoing, the undersigned concludes that the government established by clear and convincing evidence that no conditions of release will reasonably assure the safety of

the community in this case. In arriving at this conclusion, all of the factors enumerated in 18 U.S.C. §3142(g) have been considered, including the nature and circumstances of the offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

For the foregoing reasons, IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Signed at Lafayette, Louisiana, on August 10, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)